IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DEMETRIUS MOORE,

    Plaintiff,

v.                               Civil Action No. 5:16CV24
                                              (STAMP)

NORTHERN REGIONAL JAIL,
PRIME CARE MEDICAL,
WEXFORD MEDICAL and
OHIO VALLEY MEDICAL CENTER,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

The pro se[1] plaintiff, a state inmate, instituted this civil action pursuant to 42 U.S.C. § 1983. ECF No. 1. The plaintiff was granted leave to amend his complaint, which he filed with this Court on September 8, 2016. ECF No. 24. In his amended complaint, the plaintiff asserts that his lower right leg has poor circulation and began to bleed as a result of dry and chapped skin during January 2015. The plaintiff alleges that he complained of the condition to unknown officers and filled out several sick call slips, but received no response. The plaintiff further alleges that his lower right leg became badly infected as a result of Northern Regional Jail and Prime Care Medical's failure to provide

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

him with timely medical care.  After providing him some care, the plaintiff asserts that Prime Care Medical denied him future medical treatment.

Additionally, the plaintiff alleges that an unknown officer from internal affairs at Northern Regional Jail took his recorded statement and pictures of the infected wound.  As a result of the jail's internal affairs involvement, the plaintiff asserts that one or two of the unknown nurses from Prime Care Medical were terminated.  The plaintiff concedes that he began receiving daily treatment in March 2015, but asserts that the wound persisted due to his poor circulation.

The plaintiff also alleges that his hand was broken on November 5, 2015, and, after x-rays confirmed his hand was broken, unknown medical staff informed him that he was on the list for outside surgery but could not give him a date or time.  The plaintiff contends that he was taken to Ohio Valley Medical Center ("OVMC") on December 24, 2015, for issues concerning his leg and that he also complained about his hand while being treated.  The plaintiff asserts that a doctor at OVMC also took x-rays and confirmed his hand was broken.  The plaintiff indicated that it was his understanding that the unknown orthopedist at OVMC would perform surgery while he was hospitalized, but that he was discharged on December 27, 2015.

2

The plaintiff then asserts that the broken bone in his hand began to heal in a deformed manner. The plaintiff alleges that he inquired about the status of his surgery on January 25, 2016, and that unknown medical staff told him that his appointment had been cancelled more than once due to transportation issues. The plaintiff indicates that he was then transferred to Potomac Highlands Regional Jail. The plaintiff maintains that he cannot make a fist and is basically handicapped because he never underwent surgery on his hand.

For relief, the plaintiff's amended complaint asks this Court to hold Northern Regional Jail, Prime Care Medical, Wexford Medical, and OVMC accountable and award him $1,000,000.00 from each defendant for a total of $4,000,000.00 for "pain and suffering, neglect, failure to provide [him] with medical treatment in a timely manner, file treatment, mental and physical damage, and ignoring [his] medical conditions, unlawful treatment, and less than human treatment." ECF No. 24 at 13.

United States Magistrate Judge Robert W. Trumble then entered a report and recommendation. ECF No. 26. In that report and recommendation, the magistrate judge concluded that the plaintiff did not exhaust all available administrative remedies as required by 42 U.S.C. § 1997e. Accordingly, the magistrate judge recommends that the amended complaint be dismissed with prejudice. The plaintiff did not file objections to the report and recommendation

of the magistrate judge. For the reasons set forth below, the report and recommendation of the magistrate judge (ECF No. 26) is AFFIRMED and ADOPTED. Therefore, the amended complaint (ECF No. 24) is DISMISSED WITH PREJUDICE.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because no objections were filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As the Supreme Court of the United States stated in United States v. United States Gypsum Co., "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395 (1948).

## III. Discussion

After reviewing the amended complaint and the record, this Court is not "left with the definite and firm conviction that a mistake has been committed" by the magistrate judge. United States Gypsum Co., 333 U.S. at 395. Under the Prison Litigation Reform Act ("PLRA"), a prisoner must exhaust his available administrative remedies before filing an action under § 1983. 42 U.S.C. § 1997e(a). The prisoner must "us[e] all steps that the agency

holds out[] and do[] so properly." Woodford v. Ngo, 548 U.S. 81, 90 (2006). The magistrate judge notes that the defendant did not raise exhaustion as an affirmative defense, but also correctly notes that the Court is not foreclosed from dismissing a case sua sponte on exhaustion grounds. See Anderson v. XYZ Corr. Health Servs, Inc., 407 F.3d 674, 681 (4th Cir. 2005).

The West Virginia Regional Jail Authority makes available to its inmates a grievance procedure through which they may seek review of complaints related to the conditions of their confinement. The inmate initiates this procedure by submitting a grievance to the Administrator of the facility in which he or she is confined. Only after completing the remainder of the grievance procedure and receiving an unfavorable decision may an inmate file an action in federal court. It is apparent from the amended complaint that the plaintiff never initiated the grievance procedure by submitting a grievance to the Administrator of Northern Regional Jail or Potomac Highlands Regional Jail.

Because it is clear from the face of the amended complaint that the plaintiff failed to exhaust his administrative remedies, this Court's sua sponte dismissal of the civil action is appropriate. See Anderson, 407 F.3d at 682. For that reason, this Court finds no error in the magistrate judge's findings and conclusions. Additionally, the magistrate judge correctly indicates that, even if the plaintiff had exhausted his

5

administrative remedies, his claim would still be subject to dismissal because § 1983 requires a plaintiff to name an individual defendant. The plaintiff must name an individual defendant to demonstrate that a person acting under the color of state law deprived him of the rights guaranteed by the Constitution or federal laws. See Rendall-Baker v. Kohn, 457 U.S. 830, 838 (1982). Here, the plaintiff failed to name any individual defendant. Accordingly, the report and recommendation is AFFIRMED and ADOPTED in its entirety.

## IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge is AFFIRMED and ADOPTED. Accordingly, the plaintiff's amended complaint is hereby DISMISSED WITH PREJUDICE. The Court recognizes that failure to exhaust administrative remedies would normally result in dismissal without prejudice. However, the Court dismisses with prejudice because the plaintiff's failure to name an individual defendant means that the civil action would have no merit even if the plaintiff exhausted his administrative remedies. Further, it is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a

waiver of appellate rights. Because the plaintiff has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: February 13, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE